NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

GEORGIA, FLORIDA, ALABAMA
TRANSPORTATION COMPANY,
Respondent.

No. 77–2152
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 19, 1978.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir. 1970, 431 F.2d 409.

Elliott Moore, Deputy Assoc., Gen. Counsel, Marion L. Griffin, Supervisor, Jon Hayman, Atty., John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Assoc. Gen. Counsel, National Labor Relations Board, Washington, D. C., for petitioner.

William F. Ford, G. Paris Sykes, Jr., John P. Campbell, Atlanta, Ga., for respondent.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

GODBOLD, Circuit Judge:

In this refusal to bargain case we hold that the Board improperly excluded employee John Henderson from the bargaining unit. Following a Board election this court entered an enforcement order, *NLRB v. Georgia, Florida, Alabama Transportation Co.*, 529 F.2d 1350 (CA5, 1976), a challenged ballot was counted, and the vote then was 6 for the union and 5 against. Because of the closeness of the vote and the NLRB's substantial departure from prior case law in designating the bargaining unit, we hold that the employer had a good faith doubt whether the union represented a majority of employees in the unit. The employer, therefore, was under no obligation to bargain, and we deny enforcement of the Board's order adjudging the employer guilty of violations of 8(a)(5) and 8(a)(1).

The unit consisted of all full-time and regular part-time drivers and dock workers employed at the Montgomery, Alabama, terminal of the employer, a truck common carrier. The duties of members of the unit consisted of loading and unloading trucks and picking up and delivering local freight. Excluded from the unit were over-the-road drivers, office clericals, professional employees, guards and supervisors.

Henderson is a dual-function employee. He spends 40 to 45 hours per week—80% to 82% of his working time—as an over-the-road driver, and approximately 9.6 hours per week—18% to 20% of his working time—working with the other dock workers and the city (local freight) drivers. He is paid by the trip for his over-the-road runs. While Henderson is working as a dock worker-city driver the terms and conditions of his employment are congruent with those of other dock workers-city drivers in numerous respects. He performs the same duties; he drives the same equipment when making the local pickups and deliveries; he punches the same time clock; and he is paid by the hour, as they are, and at the same rate as the other top four of such workers, based upon his comparative seniority. He receives the same vacation, insurance, and holiday benefits and is carried on the same payroll. For two years he has worked side by side with the other dock workers-city drivers on a weekly but part-time regular basis, and this is expected to continue indefinitely.

The Regional Director excluded Henderson on the sole basis that he did not perform sufficient amount of work as a city driver-dock worker to warrant his inclusion in the unit. The correct test for dual-function employees is the same as for part-time employees, not percentage of time performing unit work but community of interest. *Berea Publishing Co.,* 140 NLRB 516 (1963). *Berea* reinstated the earlier principle of *Ocala Star Banner,* 97 NLRB 384 (1951). For other dual-function cases, *see: Wayside Press,* 104 NLRB 1028 (1953) (sufficient community of interest by employee working 20% of time); *Faulks Bros. Construction Co.,* 176 NLRB No. 37 (1969) (dual-function employees working three and five months per year as truck drivers and seven to nine months performing other duties, included in truck-driver's unit). With respect to part-time employees, *see: New Bedford Hotel Corporation,* 129 NLRB No. 4 (1955) (part-time employee working 11 hours per week included in unit); *Greenburg Mercantile Corporation,* 129 NLRB No. 4 (1960) (part-time employees working one day per week included in unit); *C & H Foods, Inc.,* 100 NLRB No. 171 (1952) (part-time employees working as little as five hours per week included in unit).

The Regional Director did not mention the foregoing body of law but relied upon two cases. In *Mc-Mor-Han Trucking Co.,* 166 NLRB 900 (1967), the dual-function employee had done "some truck driving" during all or part of 20 days in the past year, with no regularity, pattern or consistent schedule. His driving assignments were frequently more than a month apart and during six months he had no driving assignments. In *Davis Transport, Inc.,* 169 NLRB 557 (1968), the excluded employees devoted less than 3% of their time to unit work.

In both *Davis* and *Mc-Mor-Han,* the Board first focused on the indicia of a community of interest between the excluded employee and the bargaining unit. Particularly in *Mc-Mor-Han,* the Board considered such factors as schedules, rates of pay, overtime, uniforms, work areas, and day-to-day contacts. As a final factor symptomatic of lack of community of interest, the Board noted the infrequency (*Mc-Mor-Han*) or *de minimus* nature (*Davis*) of the bargaining unit work done by the excluded employee.

Thus, as we read *Davis* and *Mc-Mor-Han,* the amount of time spent on bargaining unit work becomes dispositive only if other factors indicating a community of interest are lacking. Indeed, to be consistent with its own rule in *Berea Publishing* and our decision in *NLRB v. Sunnyland Refining Co.,* 474 F.2d 407 (CA5, 1973), the Board must first focus on the evidence of community of interest and treat time spent on bargaining unit work simply as evidence of the excluded employee's relationship to the bargaining unit.

Here, unlike *Davis* and *Mc-Mor-Han,* numerous factors, listed above, demonstrated a strong community of interest between Henderson and the city drivers-dock workers. Moreover, the time Henderson spent on bargaining unit work (18–20% of working time) is not insubstantial, and the Board has not excluded from bargaining units employees who spent approximately the same amount of time on bargaining unit work and who also had a community of interest with the unit. *See Wayside Press, supra* (20%). Because Henderson meets the Board's criteria for inclusion in the unit and because the Board inexplicably deviated from its own criteria, we hold that the employer in good faith could doubt the majority representation of the union.

Enforcement is DENIED.